# EXHIBIT A

STATE OF SOUTH CAROLINA
COUNTY OF PICKENS

IN THE COURT OF COMMON PLEAS FOR
THE THIRTEENTH JUDICIAL CIRCUIT

**MOTHER AND FATHER DOE,
INDIVIDUALLY AND ON BEHALF
OF JANE DOE, A MINOR UNDER
THE AGE OF 18**,

CASE NO:

          Plaintiffs,

v.

**SCHOOL DISTRICT OF PICKENS
COUNTY**

          Defendant.

**SUMMONS
(Jury Trial Requested)**

TO THE ABOVE-NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscriber, at his office at PO Box 762, Mount Pleasant, SC 29465, within thirty (30) days after service thereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully,

The Law Offices of Joshua E. Slavin, LLC
/s/ Joshua Slavin
PO Box 762, Mount Pleasant, SC 29464
Phone: 843-619-7338 Fax: 888-246-8914
Email: josh@attorneycarolina.com
SC Bar ID: 102912

Emerson Law, LLC
/s/ John F. Emerson
1470 Ben Sawyer Blvd, Ste 15
Mt. Pleasant, SC 29464
Phone: 843/929-0606
Email: john@johnemersonlaw.com

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445

SC Bar ID: 0065334

Attorneys for the Plaintiff

April 17, 2024
Mount Pleasant, SC

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445

STATE OF SOUTH CAROLINA
COUNTY OF PICKENS

**MOTHER AND FATHER DOE, INDIVIDUALLY AND ON BEHALF OF JANE DOE, A MINOR UNDER THE AGE OF 18,**

Plaintiffs,

v.

**SCHOOL DISTRICT OF PICKENS COUNTY**

Defendant.

IN THE COURT OF COMMON PLEAS FOR THE THIRTEENTH JUDICIAL CIRCUIT

CASE NO:

**COMPLAINT**
**(Jury Trial Requested)**

Plaintiffs Mother and Father Doe, individually and on behalf of Jane Doe, a minor under the age of 18, by and through their undersigned counsel, allege in this complaint against Defendant School District of Pickens County and would respectfully show unto this Honorable Court:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jane Doe was a female minor aged fourteen (14) at the time of the events giving rise to this action.

2. Plaintiffs are citizens and residents of Dorchester County, South Carolina. At all times relevant hereto they were citizens and residents of Pickens County, South Carolina.

3. Defendant School District of Pickens County ("SDPC") is a public educational institution located in Pickens County, South Carolina.

4. This Court has subject matter jurisdiction over the claims in this proceeding pursuant to Article V § 11 of the South Carolina Constitution and S.C. Code Ann. § 15-78-100.

5. This Court has personal jurisdiction over Defendant pursuant to S.C. Code Ann. § 36-2-802 and S.C. Code Ann. § 36-2-803.

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445

6. Venue is proper in Pickens County pursuant to S.C. Code Ann. § 15-7-10 *et seq.* because the acts and omissions described herein occurred in Pickens County and defendant resides or operates its principal place of business in this county.

## FACTUAL BACKGROUND

7. At all material times, SDPC was a recipient of federal funding as contemplated by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX").

8. At the time of the incidents described herein, Jane Doe was a fourteen-year-old female student at Easley High School, which is part of SDPC.

9. Prior to the incidents described herein and up through today, Jane Doe was and is a well-behaved student with good grades who excelled in athletics, including golf. She was elected class president at Youth Leadership Academy middle school.

10. In 2023, Jane Doe started high school at Easley High School and played for the girls golf team.

11. In the summer of 2023, Grace Davenport, a special education teacher at Easley High School, became the coach of the girls golf team.

12. Upon information and belief, Coach Davenport was not trained in SafeSport or otherwise properly trained to foster and maintain a positive and safe environment for the girls on the golf team.

13. Starting in or around August 2023, the beginning of the athletic season, players on the girls golf team began to bully and harass Jane Doe about her appearance and their perception of her sexuality.

14. The bullying and harassment included chipping golf balls at Jane Doe while she was on the green, stealing her putter, causing her to miss practices, making false accusations of

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445

cheating on the golf course, making sexual noises and moaning her name in a sexual manner during practice, using vulgar sexual terminology about her, accusing her of being a transsexual, and harassing her for their perception that she is a lesbian.

15. The bullying and harassment of Jane Doe was based on her gender and perceived sexuality.

16. Although the team had a text message group for Coach Davenport and all team members to share information about team activities, a second text message group was created to include Coach Davenport and all of the players *except* Jane Doe, which was used to talk about Jane Doe behind her back. Several examples of sexual harassment and bullying are documented in that thread.

17. Coach Davenport had first-hand knowledge of much of the bullying and harassment her players were inflicting on Jane Doe but was deliberately indifferent to it. For example, at one point Coach Davenport told the other team members "Y'all we actually need to be careful what we say to and around [Jane Doe]. I'm so scared she is going to go to the school about it…maybe not her, but I feel like her mom would…It's fine! I just don't wanna get fired solely because someone gets too butt hurt. She just seemed pissed today. Haha…I'm just scared her mom is going to be mad 'I didn't put a stop to it' or something."

18. Coach Davenport, as coach of the golf team, had the power and authority to take corrective action to address bullying and sexual harassment on her team.

19. Coach Davenport could have talked to her players about appropriate and inappropriate behavior, discussed the district policy on sexual harassment, reprimanded her players for

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445

violating such policies, modified practices to penalize players' behavior, "benched" players during games, and any other measures typically entrusted to a high school coach.

20. After Coach Davenport had knowledge of the sexual harassment, it was incumbent upon her to respond to it in accordance with SDPC policy.

21. SDPC policy provides that an employee "who is not a designated contact person… [who] observes any behavior which could amount to sexual harassment, the employee will report the matter to the principal or one of the school contact persons."

22. Coach Davenport did not report the sexual harassment of Jane Doe to the principal or any other appropriate contact person.

23. SDPC policy provides that "any student or employee who is found to have engaged in the prohibited actions as outlined in this policy will be subject to disciplinary action, up to and including expulsion in the case of a student or termination in the case of an employee."

24. No action was ever taken against any of the girls who sexually harassed Jane Doe.

25. At no point did Coach Davenport ever take any appropriate step to respond to the sexual harassment and bullying her players were inflicting on Jane Doe.

26. Coach Davenport was deliberately indifferent to her players' harassment of Jane Doe.

27. On or about October 11, 2023, Mother Doe called SDPC school board member Karla Kelly and left a voicemail explaining the urgent situation with Jane Doe and requested a confidential student athlete advocate. The call was never returned and no action was taken.

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445

28. As a direct result of the sexual harassment by her teammates and the clearly unreasonable response of Coach Davenport, and, through her, SDPC's clearly unreasonable response, Jane Doe suffered mental, emotional, and psychological harm.

29. The sexual harassment Jane Doe was subjected to was so severe and pervasive that Jane Doe began engaging in self-harm behaviors including cutting herself and a suicide attempt.

30. The sexual harassment Jane Doe endured and SDPC's response to it interfered with her education.

31. Mother and Father Doe recently relocated their family to Summerville, South Carolina to find a safe educational environment for Jane Doe.

## FIRST CAUSE OF ACTION: VIOLATION OF TITLE IX

32. The allegations above and below are incorporated by reference into this cause of action.

33. The sex-based harassment articulated above was so severe, pervasive, and objectively offensive that it deprived Jane Doe of access to educational opportunities or benefits provided by the school, including full participation in the golf team and enjoying a safe educational environment.

34. SDPC created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) because:

    a. Jane Doe was a member of a protected class;

    b. SDPC had actual knowledge, through its coach, of the sexual harassment of Jane Doe by its students;

    c. SDPC failed to reasonably respond to the sexual harassment of Jane Doe;

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445

d.  The sexual harassment was so severe that it barred Jane Doe's access to educational opportunities and benefits, including full participation in the golf team and enjoying a safe educational environment;

e.  SDPC's failure to follow its own policies and procedures amounts to a violation of Title IX and Jane Doe's Title IX rights;

f.  SDPC's failure to respond to the sexual harassment of Jane Doe, of which it had actual and constructive knowledge, amounts to deliberate indifference, differential treatment, discrimination, and/or retaliation against Jane Doe;

g.  SDPC's response to the sexual harassment of Jane Doe amounts to a violation of Title IX;

h.  All of the foregoing created a hostile educational environment for Jane Doe.

35. Jane Doe has suffered damages, including interference with her educational opportunities and substantial emotional and psychological harm, as a direct and proximate result of the School District's violations of her rights under Title IX

## SECOND CAUSE OF ACTION: NEGLIGENCE AND/OR GROSS NEGLIGENCE

36. The allegations above and below are incorporated by reference into this cause of action.

37. SDPC assumed a duty to Plaintiffs to protect the safety and best interests of Jane Doe while she attended school and participated in school activities, such as playing on the golf team.

38. SDPC owed a duty to Plaintiffs to protect Jane Doe from sexual harassment and ongoing sexual harassment by other students of which it has actual or constructive knowledge.

39. SDPC owed Plaintiffs a duty to respond to sexual harassment in a manner that would not cause further emotional or psychological harm to Jane Doe.

40. SDPC was negligent, grossly negligent, reckless, willful, and/or wanton in the following particulars:

    a. In failing to follow its own rules, policies, and procedures regarding sexual harassment and bullying;

    b. In failing to train employees on its own rules, policies, and procedures regarding sexual harassment and bullying;

    c. In failing to take appropriate action in response to the sexual harassment and bullying of Jane Doe by her teammates;

    d. In allowing the sexual harassment and bullying of Jane Doe to persist;

    e. In such other ways as will be shown by in the course of litigation and trial.

41. As a direct and proximate result of the above-described acts and omissions of SDPC, Jane Doe endured and will continue to endure physical, emotional, and psychological harm, including:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Emotional distress;

    d. Impairment of health and bodily efficiency;

    e. Loss of sleep;

    f. Inability to concentrate;

    g. Lost educational opportunities.

    h. Substantial expense for medical, psychological, and mental therapy services;

    i. Future mental health care;

    j. And any and all other damages provable at the trial of this case.

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445

42. As a direct and proximate result of the above-referenced acts of SDPC, Mother and Father Doe have sustained and will continue to sustain substantial expenses for the medical and psychological treatment needs of Jane Doe and transportation thereto as well as the cost, expense, and burden of relocating their family in order to escape the hostile educational environment Jane Doe was enduring.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a trial by jury and pray for a judgment against Defendant School District of Pickens County for actual damages, punitive damages, attorneys' fees, the costs of this action, pre- and post-judgment interest, and such other and further relief as the court deems just and proper.

The Law Offices of Joshua E. Slavin, LLC
/s/ Joshua Slavin
PO Box 762, Mount Pleasant, SC 29464
Phone: 843-619-7338 Fax: 888-246-8914
Email: josh@attorneycarolina.com
SC Bar ID: 102912

Emerson Law, LLC
/s/ John F. Emerson
1470 Ben Sawyer Blvd, Ste 15
Mt. Pleasant, SC 29464
Phone: 843/929-0606
Email: john@johnemersonlaw.com
SC Bar ID: 65334

Attorneys for the Plaintiff

April 17, 2024
Mount Pleasant, SC

ELECTRONICALLY FILED - 2024 Apr 17 1:30 PM - PICKENS - COMMON PLEAS - CASE#2024CP3900445